## TICHENOR v. DR. G. H. TICHENOR CO., Limited.

### No. 16149.

Court of Appeal of Louisiana. Orleans.

Dec. 2, 1935.

R. A. Tichenor, Sr., of New Orleans, for appellant.

Sydney J. Parlongue, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, Dr. G. H. Tichenor, Jr., a stockholder in defendant company, claims that at the time of the filing of this suit on April 10, 1935, the company was indebted to him in the sum of $101.44, representing his pro rata share of a dividend which had been declared and which was due and payable.

Defendant corporation, through its president, who is a brother of plaintiff, admits that the dividend was declared, but avers that it was not payable until April 15th, five days after the filing of this suit, and it deposits in court a check payable to plaintiff for the amount of the check in question, and which check is dated April 15, 1935.

The record shows that Dr. G. H. Tichenor Co., Limited, receives each month from the Dr. G. H. Tichenor Antiseptic Company checks for royalties and for certain percentages of sales of the product known as "Dr. Tichenor's Antiseptic," and that when these checks are received and certain fixed deductions are made, the net proceeds are distributed each month among the stockholders of the Dr. G. H. Tichenor Company, Limited, defendant here. The president of defendant company testified that for convenience it had been decided to make the monthly distribution on the 15th of each month, so that there would be ample time for the receipt of checks from the other company and for the deposit of those checks. Of course, if such a practice was actually established and if all the stockholders were required to wait until the 15th of each month, none would have the right to complain, because it is clearly within the powers of executive officers of a corporation to establish a regular day for the payment of its obligations, and since here the resolution of the company showed that the payments were to be made each month, surely the officers would have had the right to fix any reasonable time or day in each month for the payment of dividends. But the record also shows very plainly that the other stockholders are not required to wait for any particular day, but are permitted to receive their dividends sometimes much earlier than is plaintiff. It further appears from the testimony of the president of the

corporation that the particular dividend involved here was paid to other stockholders before the day on which this suit was filed, and that the president himself received his ·dividend check in time to deposit it on the 10th of the month, which is the day on which this suit was filed.

There was no right in the company to require that plaintiff should wait until the 15th for his check.

It is well to bear in mind the fact that this is not an attempt to force a corporation to declare a dividend, but it is merely an effort on the part of a stockholder to force a corporation to pay to him his share of a dividend which has already been declared, and which is shown to have been already paid to other stockholders.

The court below held that the company was without any right to require plaintiff to wait until the 15th. This was correct.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed at the cost of appellant.

Affirmed.